of America, Orlando, Connecticut, seat 15, that's first high, Mr. Scott, Canadian Columns. May it please the court, my name is Hagen Scott and this court has appointed me to represent Michael McPartland. I'd like to reserve five minutes for rebuttal. Mr. McPartland simply asks that a neutral federal court, rather than the same federal executive that prosecuted him, decide whether he will spend the next two and a half years of his life in prison. In Cesar, the Supreme Court made clear that federal defendants have that right. That is, if Mr. McPartland were sentenced today, there is no dispute that the government could not keep him in jail by saying that the Bureau of Prisons had decided that his sentence would be consecutive. The government suggests a series of procedural obstacles that mean that Mr. McPartland should serve this sentence anyway. But its briefing has simplified the matter. To grant relief to Mr. McPartland, this court need find only three things, none of which the government meaningfully disputes. First, even if Cesar is only a statutory decision, as the government says, it meets the well-established threshold for relief in 2255 cases based on statutory decisions. Second, Mr. McPartland's petition is timely, under 2255F4, because it was filed within one year of the decision that his sentences are consecutive. And third, this court's decision in Bowman establishes that he did not waive his right to bring this petition. So you're saying that he didn't know that he might have had a problem with this sentence until he actually knew that there was going to be a pronouncement that it was to be consecutive? It would have seemed to me that he would have recognized at the time he was sentenced by the federal district court that he had the state prosecution hanging over him. There was a likelihood that he was going to be sentenced in the state court, and there was going to be a real question as to whether or not he would get a consecutive or a concurrent sentence. And certainly from the time that he was sentenced by the state court, it would have seemed like he might have had some notion here that he had a problem. I agree, Your Honor, that it's not that he didn't have some idea that there might be a problem, but the question is for 2255F4, when does that begin ticking? And it's not when you know you might have a problem. It's sort of when you actually do have a problem. There's actually a case fairly on point. We didn't have a chance to cite it because the government didn't resist on 2255F4, but a case called Woody, which you can find at 178 Federal Appendix 468, was decided under the precepts rule in this circuit. But in that case, it's about 2255F4, and the question is exactly this. When did it begin ticking? And there this court held that it began when the Bureau of Prisons determined that the defendant's sentence was going to be consecutive, and that case was based on a clarifying letter, but not an order from the judge. And I think that makes sense. Until you have consecutive sentences, you really don't have anything to object to. The mere notion that you might be at risk does not give rise to a claim. The court sort of affirmed that this summer in a case called Jefferson, where it said in 2255F4 you need the facts upon which your claim is based, not conjecture or conclusory sense that maybe you're going to have a problem. I know that there are issues that we, in effect, allowed you to address on appeal, but don't you have to prevail on the issue of ineffective assistance of counsel ultimately in order to have success in this proceeding? I don't believe so, Your Honor. We certainly feel good about our ineffective assistance of counsel claims, and we'd be glad to go into them. But Setzer, as the Certificate of Appeal Ability Maker, is sort of bound up in that. And if you look at Setzer and you decide, as we submit, that it alone rises to the level of a right that should be recognized in 2255, that really answers the case. He should have been sentenced by the district court. He was not. The executive can't really show you what its authority for these consecutive sentences is, so he has to go back to the district court for that to be authorized. And we think that makes a lot of sense. It's sort of consistent with the core of habeas, which is all 2255 is, the habeas right, that the executive can be brought before a court to answer for why it's detaining someone. After Setzer, it's simply unclear what authority the government has to make this detention decision. It's extending his sentence by two and a half years, but it can't point to the Constitution or a statute, that's what Setzer at the very least says, or a court order. Did I understand you to say, and perhaps I misunderstood you at the beginning of your argument, that now under this decision that the trial judge, the federal trial judge, has to run these concurrently, or he has the authority to if he wants to? So it is to the discretion of the federal district court. We think in this case it would be an abuse of discretion not to provide concurrent sentences, but that is a claim we'll make in first instance in the district court. It's not before this court. Of note, the government has never actually contended that if the district court got to decide this on the merits, it would do anything other than impose concurrent sentences. And there's a host of information in the record showing that the district court was inclined that way. In fact, yes, Your Honor. But in effect you're arguing for Setzer to be applied retroactively, right? That's right, Your Honor. So why, could you outline your argument why Setzer should apply retroactively? Yes, Your Honor. So there's really sort of two branches here, unfortunately. If you agree that it's a constitutional right, then the reason it should apply retroactively is it's not a procedural right. The only reason it wouldn't apply retroactively is it was a procedural right that under Teague is barred from retroactive application. And the government has never argued that it's a procedural right. In fact, as I read their briefing, they say it's not one. So Teague simply wouldn't apply, and that makes it retroactive as the law normally is. If, on the other hand, you agree with the government that it's a statutory decision, we think we've shown the Supreme Court in cases like Boozley has said, you really don't do Teague analysis for statutory rights. And so there simply is no retroactive. It's cases like Jones and Muir and Oliver in this court. You'd simply say the federal court got the statute wrong in the first instance, therefore it applies on collateral review. But either way, it would apply to this case. And I think that would make a lot of sense here. Again, not to be a dead horse in this, but the fundamental fact here is it's unclear what authority the government has to make this detention. And that's the sort of thing that habeas courts routinely look at. You bring the executive before the federal court and you ask them, how can you detain this person? Here, to obtain that authority, they need a district court judgment that his sentences be run consecutively. I'll briefly address the waiver issue, Your Honor. Just to make clear, we brought up three different reasons that waiver doesn't apply in this case. And we think all three are valid, but the clearest is Bowman. In Bowman, this court held that a plea agreement substantially identical to Mr. McPartland's does not waive the right to challenge a decision to run federal and state sentences consecutively. So it's very identical to this case. And there's no reason it wouldn't apply here. That should take waiver off the table. If you agree with my reasoning that I just explained to Judge Moore on retroactivity, that makes it timely. Because if it's retroactive, under 2255F3, it's clearly a new right. The government doesn't dispute that. If it's retroactive, that restarted the clock there, too. Really, two different reasons that it's timely. 2255F4, which the government provides no argument on, and 2255F3, which is satisfied so long as it's retroactive. The government's one response on 2255F3, as I take it, is an assertion that Setzer doesn't establish a right at all. Go ahead. The government hasn't offered any precedent to support that. And this court has already granted relief on Setzer. And a case called Zorn sent a case back down to the district court for resentencing. I think it would really be unprecedented to say, well, here's a Supreme Court case that allows a defendant to obtain resentencing, that's been asserted successfully by a defendant, yet it doesn't somehow constitute a right. This court has previously defined a right, quoting Black's Law Dictionary, so it's not an idiom. Was Zorn a direct appeal case? It was. Okay, so that is a distinguishing feature. It is a distinguishing feature, perhaps, for consideration of the behaviorist issue. But just in terms of the government's argument that it doesn't provide a right, a Supreme Court decision or any decision that a defendant can benefit from, that he can assert and get resentencing on, would seem to me to be a right. And that's consistent with how this court has defined rights. So to go back to that definition. Yes, Your Honor. The distinction between substantive and procedural runs through a lot of issues in the law, and frequently it's not an easy question to answer. And there's at least one case, Supreme Court case, that says a rule is substantive rather than procedural if it alters the range of conduct or the class of persons the law punishes. And it doesn't seem to me, with that definition, that this decision does either one of those things. Your Honor, certainly you can find that in a Supreme Court case and a couple, but I don't think there's any exclusive definition of substantive. To choose one example, this court's recent decision in Jones, which is actually cited in our Certificate of Appeal Ability, wouldn't fit that description either. It doesn't affect the class of persons punished, and it doesn't affect the conduct punished. The Jones case is the case about the gay. That's exactly right, Your Honor. And so I think there hasn't been an exclusive definition of substantive rights. As you said, it's kind of difficult to tell sometimes between the two, and there's plenty of cases. There's Mistretta, which we cite among them, saying, this is a fuzzy distinction it's hard for courts to make. How would you deal with the, and I don't know how to pass it, Schriero versus Summerlin case? So I would say that in Schriero, it talks about, it gives the same limited definition that Judge Guy decided. In fact, it says at one point, substantive rights include these two things, so it's not even purporting to give a full definition. To be argumentative, why doesn't Schriero really harm your point? Because Schriero said the choice between a judge versus a jury is a procedural right that's involved, not a substantive right. And why isn't it similar here that the choice is on deciding whether the sentence should be consecutive or concurrent, but the choice is between the BOP doing it or the district judge? Right. I would say, Your Honor, because in Schriero, you're still dealing with something that courts can do. And in fact, I think all the procedural decisions, decisions where courts have later characterized rights as procedural, look the same. The court can indisputably impose whatever the punishment in question is, but it just has to follow some different procedures. So in that case, it had to have the jury rather than the judge find certain preliminary facts, but there's no dispute that the court had the power. Here you're dealing with a case where the executive imposed the punishment. It made the decision to run a sentence consecutively. And it doesn't have any authority to do that whatsoever. It's not a procedural question. There's no procedures the Bureau of Prisons could go through that would let it have this power. It would look like a procedural case had Sessler come out the other way but said, well, the head of the Bureau of Prisons must make X determination. He must hold a hearing. That would be a procedural decision. Where you have something saying this branch can't do this at all, it's substantive. And I think by analogy, cases like Boozley and Jones are actually pretty clear. So if you look at Boozley, the Supreme Court says, there's no doubt this conduct can be punished. In Boozley, the conduct at issue was a man had hit his legal gun next to his legal drugs. There was no constitutional right. It wasn't placing primary conduct outside the sphere of punishment under that definition Judge Guy referred to before. But it said Congress hasn't yet outlawed it. Congress could, but it hasn't, and therefore this branch, courts, lack the power to impose the punishment in question. We're dealing with the same circumstances here. Perhaps someone else could impose consecutive sentences upon Mr. McPartland, but the executive cannot do it at all. It lacks, not to presume the question, it lacks the substantive power to impose this punishment no matter what procedures it goes through. And I think that is sort of really at the core of actionable habeas rights. As a case like St. Cyr says, the original meaning of habeas, which 2255 effectuates, is that executive detention must be brought before a court. And that's really all we're asking for here. We're saying the executive doesn't have the power to detain Mr. McPartland without the district court doing so. And so he must be brought before the district court to obtain a consecutive sentence. So if we've shown that is the case, if it's actionable and habeas, it's also timely under 2255 F3 or F4, and it isn't way up into Bowman. I'll see my time is up. May it please the court, Margaret Sweeney, Assistant United States Attorney, on behalf of the respondent, United States of America. There are a number of procedural bars to Mr. McPartland's petition in this case,  and I'm here to discuss the merits of his two claims. Starting first with his ineffective assistance of counsel claim, Mr. McPartland would hold defense counsel to the impossible standard of requiring him to predict the future development of the law. That is not the standard in Strickland. It's not the standard of this circuit. In fact, the circuit has specifically ruled, on at least four occasions, that defense counsel is not required to predict future developments in the law. At the time of Mr. McPartland's sentencing, this circuit specifically has stated that the district court did not have the authority to run a sentence concurrent or consecutive to a yet-to-be-imposed state sentence. Was that an issue that was disputed by other circuits, or was that the uniform, unanimous viewpoint of all circuits? Your Honor, at the time of Mr. McPartland's sentencing, as Petitioner's brief points out, four other circuits went the other way and disagreed with the Sixth Circuit's precedent. However... So you were the only one who said that? No, Your Honor, there were other circuits that agreed with the Sixth Circuit, correct. But at the time, there were only four other circuits that went the other way. And Strickland asked counsel to challenge binding precedent every time there's a circuit split, and that's exactly what Mr. McPartland would require his defense counsel to do. Was there not arguably more involved here in terms of ambiguities as to what was happening vis-à-vis consecutive versus concurrent sentences, such that a competent counsel would have tried to have the district judge clarify what he was doing and what the circumstances were? Your Honor, I would point the court to the case we cited, in our brief, Thompson v. Warden, which was a review of a state ineffective assistance of counsel claim. And there, the Sixth Circuit held that because the binding precedent in that circuit was such that defense counsel was not obligated to challenge it because although other districts in Ohio, in the Ohio Court of Appeals, may have went the other way, that did not require counsel, in an effort to be sufficient, to challenge that precedent in the jurisdiction in which he was in. Your opponent, when I asked him the question which you started with, said he doesn't have to win on that prong of ineffective assistance of counsel. Yes, and I believe that's because he also argues that he has a second claim under United States v. Setzer, which, going straight to the merits of that then, Your Honor, the most important fact on the merits of that issue is the fact that BOP, the Bureau of Prisons, has not made any sort of discretionary judgment in this case. It is simply enforcing the judgment order issued by the district court. There, the district court ordered Bureau of Prisons to hold Mr. McPartland in its custody for 76 months. That is exactly what the Bureau of Prisons is doing in this case, Your Honor. It has not made a decision of concurrent or consecutive. When Mr. McPartland came into the custody of the federal prison, he has to serve, under the judgment order of the court, 76 months. Even if Setzer had applied at the time Mr. McPartland was sentenced, the district court was not required to choose either consecutive or concurrent to the future state sentence. The Supreme Court said that in Setzer. So, the district court's order of 76 months, without further clarification of consecutive or concurrent, is a perfectly fine order under Setzer, and the BOP is simply enforcing that order and holding him for 76 months. That goes in the... You, in effect, have argued that he has another avenue to pursue here. He does have another avenue, Your Honor, correct. In that same vein, because this is an adversary procedure and lawyers like to win, does your office really care whether he gets this time credit or not? Your Honor, in the interest of finality, we are satisfied with the court's judgment of 76 months, and we are here to enforce the order of the court and defend that on appeal. Except the court would be the first to tell you that when he did that, he didn't think he had any other choice. That's correct, Your Honor. So, you're defending something that the judge today wouldn't defend himself. Well, the record isn't clear which way he would have gone at that time, Your Honor. No, I agree with you on that. So, why isn't the appropriate thing to do to say that either on the grounds of IAC or on the grounds that Setzer has clarified the law, we should vacate and remand so that the district judge can decide whether or not he would like to have consecutive or concurrent sentences? With that, Your Honor, I would turn to the procedural arguments we make in our brief and say that 2255 is not the avenue for which to do that. His 2255 is not only untimely, but he also waived that right in his appeal. Let's put those aside for the moment. If you lose on those two grounds, isn't the appropriate remedy, assuming that it was timely and that there is not a waiver, isn't the appropriate remedy to vacate and remand for the district court to decide? No, Your Honor, because I believe he fails on both of the merits presented. On the merits of both claims, he asserts in his brief. And there are no grounds to remand it back to the district court because neither of his issues would result in any relief for him. Even if the district judge thought, now that he realizes under Setzer that he has the power to order concurrent sentences, and that is what, in fact, he wishes he could have done, but he thought he was bound by our previous precedent, he would not allow the district judge to do that. Your Honor, he was bound by previous precedent at the time he was sentenced, and the fact that he could have ordered a consecutive or concurrent sentence at the time has no bearing on the merits of how he is able to challenge that sentence. And the merits of both of his challenges fail to give him an avenue to go back to the district court. And I continue to go back to that because I believe that remanding would serve no purpose other than to give the district court the opportunity to resentence him for the same way. And simply knowing now that you can do consecutive or concurrent, this court has nothing in the record to indicate that the court would have changed its opinion and would have done anything other than simply ordering a sentence of 76 months. As I said, even if Setzer applied, he is not required to choose consecutive or concurrent. But he could. The district judge could choose. And if the district judge were so inclined in exercising his discretion, he could choose to say concurrent sentences are appropriate. Of course, Your Honor, and that's all done in the view of hindsight. Now looking back, the district court would then be sentencing him after an undischarged pose of imprisonment or after a discharged pose of imposition of imprisonment by the state court. And now the district court is in a very different position than it would have been. This court should look at the judgment of the district court at the time it actually sentenced the defendant. And at that time, the district court was unaware of any inclination of what the state court would do. It didn't know if the state court would order consecutive or concurrent. And frankly, the federal court is not obligated to consider what the state court's sentence would be. Because at the time that the district judge issued the sentence, imposed the sentence, the BOP was the presumptive entity that when they received the prisoner, they would decide whether there would be consecutive or concurrent sentences, right? At the time, that was the BOP's understanding until Setzer came out. I would agree with the court on that. However, there's no inclination that the district court was deferring that judgment to the BOP. There isn't in the record here? No, Your Honor. In fact, the BOP never actually- I'm sorry to interrupt you. The district judge thought that the district judge could decide notwithstanding our precedent? No, there's no inclination either way. The issue of consecutive or concurrent sentences was never raised in the district court at the time of sentencing. So there's nothing in the record that indicates who the judge believed would make a determination of concurrent or consecutive or even that a concurrent or consecutive determination would have to be made. For all the judge could have known was that the charges in the state would have been dropped. He had not even pleaded guilty in the state yet. At the time that he was sentenced, there was no inclination either way that that would eventually have been raised. What's your view on, suppose this case was sent back, could the district judge now order the BOP to give them credit for the time served in the state sentence? It would then have to be an order of concurrent sentence, Your Honor, and it would effectively run the time that he served in state court concurrent to his time now and would it effectively shut- Well, he'd have to vacate the previous sentence in order to do that. Correct, Your Honor, which I would believe would be- Has he got authority to do that? I believe on remand this court would end up vacating the sentence on remand, so he would have to impose a new sentence and would then retroactively apply that sentence concurrent to the already served state sentence. But like I said, Your Honor, I don't believe that there are any grounds for that to happen. So now if it went back, this is all hypothetical, so if it went back and he said concurrent, is the BOP compelled to abide by that now? The BOP is compelled to execute the judgment order of the court, and if the court ordered that the sentence be concurrent, then the BOP is to run it concurrent. Correct. In case it wouldn't be concurrent now, the order would have to be given credit for time served in state court. Exactly, Your Honor. Is there a distinction between those two things? I believe there is, Your Honor, because if you look at credit for time served for the purposes of 3584, that discusses time served in federal custody, and that is a determination that BOP makes depending on when a federal prisoner comes into federal custody and when they actually begin serving a federal sentence. An order that a judge issues saying that a sentence is concurrent is a very different order and may effectively serve the same purpose, but it's a different order, and BOP then is bound by that order to execute, which is what they did in this case. I short-circuited you from addressing the two questions that you thought were procedural problems here, one being the timing question, and your opponent has made a statement that you have not responded to the F-4 basis for timeliness under 2255 F-4. Could you address that? Yes, Your Honor. His ineffective assistance claim, which is the claim he asserts is timely under 2255 F-4, is untimely under that subsection simply because the facts that gave rise to that claim, the fact that his sentence was concurrent, were known to him at the time that he was sentenced in the state court. The state court issued a sentence that was consecutive. 2255 F-4 also says that the defendant has one year from the time that the facts were known to him or could have been discovered through exercise of due diligence, and although counsel cites a case that was not in the brief, I believe he stated that in that case it was based on a letter and a clarifying order, and I would submit to the court that that could have been done in this case at the time when Mr. McPartland was sentenced in the state court and he was aware his state sentence would be consecutive. He could have petitioned to the district court and asked, is this sentence going to be consecutive? How can the state court say the state sentence is consecutive affect whether the federal court says the federal sentence is consecutive? That's correct, Your Honor. The state court cannot bind the federal court in its sentence. However, that is the fact that gave rise or is giving rise to his claim. I thought the fact was that the BOP said you are not going to get credit for the state sentence when he went to the BOP after serving the state sentence. The BOP actually has never issued an order saying he would not get credit for the time served. The only thing that the BOP has said is that you were ordered to serve 76 months in federal custody. You will serve 76 months in federal custody. Isn't that in effect saying that you will not get credit for the state sentence? I would point the court to the fact that when he gets his state sentence and he knows that his state sentence is going to be consecutive to his federal sentence, he knows that the 76-month sentence that he received from the federal court will be a 76-month sentence. But he's serving in state court. This whole thing is so confusing. He's serving in state court first. Correct. Sorry, not state court. In state prison first. Correct. So how can the state saying this is consecutive to the federal does not exactly make sense to me? Well, he effectively knew that he at least would be serving his full state sentence and then his full federal sentence. He knew what his state sentence was when he was sentenced at the state, and he knew what his federal sentence was when he was issued federally. So he would know at the time he was sentenced in the state that those two sentences would be consecutive. Those are the facts that give rise to his ineffective assistance of counsel claim. The other question was the Bowman case and the issue of waiver. Yes. Would you address that? Yes, Your Honor. Bowman is distinguishable on a very important point. In the Bowman case, there is a specific waiver of a right to appeal a within-guidelines sentence. In this case, we have a blanket waiver of a right to collateral attack, and that blanket waiver covers all claims he may assert under 2255, except for those three that he reserved in his plea agreement. In Bowman, it was a specific waiver of one right to appeal under the guidelines, and the court determined that in that case, that waiver, that specific waiver, did not include a waiver of the court's determination under the guidelines of consecutive or concurrent. Here we have a blanket waiver. It's much more broad. He only reserved three instances under collateral attack. One of which was IAC, right? Correct, which I assert back is untimely. So with that, Your Honor, this is a much broader waiver than in Bowman. I have just one last thing. I know your time's up, but why did—he was already sentenced in federal court. Why did he not start serving that sentence? It's kind of the same question Judge Moore asked. I never understood a consecutive sentence that you serve first. It's sort of a contradiction in terms. Why did the state sentence start being served first to begin with? Your Honor, Mr. McPartland was a prisoner of the state. At the time, he was arrested federally, so he was ridded out for the purposes of his federal. Okay, thank you. I'd forgotten that. And if the court has no other questions, we would rest on the merits of our brief and ask that the court affirm the district court. Thank you, counsel. Rebuttal? Thank you, Your Honor. I'll begin with Bowman. So the Bowman case actually tells us that the waiver here is exactly the same as the waiver in Bowman. In Bowman, this court relied on a couple Second Circuit opinions and an unpublished opinion of this court called McCree. And it says it's relying on McCree because the plea agreement there was essentially the same as here. McCree achieves the same result as in Bowman, and it says the two plea agreements are the same. If you pull the plea agreement in McCree, it's available in the district court's docket, it is exactly, word for word, identical to the waiver provision here. In both cases, you're dealing with the same exact language as far as we're concerned for the waiver question. So that resolves any distinction between the two. Second, I'd like to talk about the government's argument that the Bureau of Prisons is just implementing a sentence. If that were the case, what we'd have here is effectively an automatic consecutive sentence. Their contention essentially is the district court didn't have any discretion at the time it issued it, now the Bureau of Prisons is not exercising the discretion, it's just an automatic sentence. And that's at odds with circuits on both sides of Setzer. In circuits that followed Setzer's rule before Setzer, they would require that a district court make the decision because everyone agrees that there is no mandatory consecutive sentence here. And of course, in courts like this that didn't follow Setzer, the discretion would be up to the Bureau of Prisons. But there's never been a case where this would be an automatic consecutive sentence. And it's not accurate to say that the district court could simply refrain from doing anything and allow nature to take its course. This court has held, in cases such as Bowman and Martin, both of which we cite, that it is plain error, so even if not raised, it is plain error for the district court not to recognize its discretion, where it has it, to control consecutive state and federal sentences. Is it plain error in a situation where the court, because of the precedent in the circuit, didn't have that discretion? No, Your Honor, and also we're obviously not in a direct appeal, we're in a 2255, the plain error standard wouldn't really come in directly. I simply use that by way of making the point that the failure to decide, or the failure to exercise the authority the district court has, is itself an error. There's sort of no scenario under which consecutive sentences are supposed to be automatic. And I will say, to contest the government's view that the district court didn't give any indications, I mean, one, it actually offered to issue a writ taking Mr. McPartland into federal custody so that his federal sentence would begin while he was in state custody. It turns out he didn't have the power to do that, but I think that's an incredibly strong indication that he was inclined to give federal credit. Can we, if we go along with your argument, can we order the district court in this case to, or just order that he be given credit for this time that he served? If you prevail, doesn't this have to go back to the district court? Yes, Your Honor, it has to go back to the district court. And if he imposes the same sentence? Well, presumably he would stick with the 76 months. We're not disputing the 76-month sentence. We're just saying it's supposed to run concurrently to the state sentence, which, by the way, makes sense because those 76 months include an enhancement for basically the same conduct that became the basis of the state sentence. But he would get to reassess it, and if he decided to issue consecutive sentences, that wouldn't be a problem under CPSR. We'd be back here, we'd be saying it's an abuse of discretion. Abuse of discretion, okay, I understand. Absolutely, but he wouldn't have that freedom. And so I think that is sort of the correct procedural route. You vacate the sentence, you send back for resentencing. We hope and think he would issue concurrent sentences, and the Bureau of Prisons would give effect to that order by crediting his time in state custody, just as it used to do before CPSR where it would do what it called a non-proton designation and say 2 1⁄2 years of your federal sentence were served in state custody. Very briefly, I'll touch on the ineffective assistant counsel claim. As Your Honor said, you don't need to reach it. I think it's been fairly clear here that you can go directly to CPSR, that it's timely. I'd note, by the way, that the government did not retract a concession that CPSR does not establish a procedural rule. So there's simply no grounds on which it wouldn't apply retroactively. If you do reach the ineffective assistant counsel claim, I'd note that this court has consistently held open the possibility that where the demise of the precedent is clearly foreshadowed, it may be ineffective assistance of counsel not to challenge it. It's a very difficult question. This court actually went in-bank to resolve it in Nichols, then ended up deciding the case on other grounds. So we think you need not go down that road because it's much simpler to resolve it under CPSR. But if you do, we think we've shown the demise of Quintero was clearly foreshadowed and that there are other factors. For example, the fact that he told them he was going to get concurrent sentences and never did anything to get him concurrent sentences, or at least anything that would be effective, it would also show an effective assistance. So that's your questions on this. Thank you, Your Honor. Thank you, Counsel.